

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed May 28, 2021

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BANNER RESOURCES LLC, | § | CASE NO. 21-60016-rlj7 |
| | § | |
| Alleged Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioning Creditor Bonsai Energy Partners, LLC (Bonsai), joined by trade creditors JDL Oilfield Tools Inc. (JDL Oilfield), Tri-Best Inc. (Tri-Best), and Wildcat Services LLC (Wildcat Services), filed an involuntary petition under chapter 7 of the Bankruptcy Code against Banner Resources LLC (Banner Resources). Banner Resources filed its answer contesting the involuntary petition. Trial was held on May 18, 2021.

The involuntary petition states that Banner Resources' debt to Bonsai is $16,351,856.43 and that its debts to JDL Oilfield, Tri-Best, and Wildcat Services are $32,143.75, $41,123.17, and $95,256.00, respectively. The trade creditors are not represented by counsel and did not appear at or participate in the trial.

I.

Bonsai's claim was purchased in October 2020 from Elm Park Capital Management, LLC, an agent and representative of Elm Park Credit Opportunities Fund, L.P. and Elm Park Credit Opportunities Fund (Canada), L.P. (collectively, Elm Park).[1] In 2014, Elm Park issued a $15 million credit facility to Banner Resources to finance its operations.

A petitioning creditor that has received its claim as a result of a "transfer" is subject to certain disclosure requirements under Rule 1003(a).[2] Rule 9001 provides that the definitions in § 101 of the Code apply for construction of the Rules.[3] Section 101(54) defines "transfer," in part, as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property." § 101(54)(D). If a petitioning creditor's claim is from a "transfer," the petitioning creditor must append a copy of all transfer documents to the involuntary petition. Rule 1003(a). The petitioning creditor must also include a signed statement that it did not acquire the claim for the purpose of commencing the case. *See* Rule 1003(a); *In re Murphy*, No. 17-07843, 2019 WL 10744972, at *2 (Bankr. M.D. Fla. Mar. 19, 2019) ("Under Federal Rule of Bankruptcy Procedure 1003(a), a petitioning creditor who has acquired its claim by transfer must disclose the transfer and sign a statement that the claim was not transferred for the purpose of commencing the case."); *In re Taberna Preferred Funding IV, Ltd.*, 594 B.R. 576, 604 (Bankr. S.D.N.Y. 2018) (petitioning creditors filed a Rule 1003 affidavit). Last, a petitioning creditor must disclose the consideration and terms of the transfer. Rule 1003(a).

---

[1] Within a few weeks after the transfer of the claim, Bonsai filed a prior involuntary petition against Banner Resources in the Southern District of Texas. Bonsai Ex. 16.
[2] "Rule" refers to a rule of the Federal Rules of Bankruptcy Procedure.
[3] All "§" references are to 11 U.S.C.

In filing the involuntary petition, Bonsai refused to comply with the clear requirements of Rule 1003(a). It also intentionally misrepresented on the petition that there had been no "transfer of any claim against the debtor by or to any petitioner." ECF No. 1 at 2. Its one witness, Jonathan Pina, when asked about this, rotely stated that the claim was not transferred for the purpose of commencing the case. Bonsai also attempted to deflect from its filing issues by filing multiple creditors' lists that are required to be filed by the *alleged debtor* under Rule 1003(b).

Failure to comply with Rule 1003(a)'s requirements disqualifies a creditor from being a petitioning creditor. *See In re Oberle*, No. 06-41515, 2006 WL 3949174, at *1 (Bankr. N.D. Cal. Dec. 21, 2006). If the involuntary petition fails to comply with Rule 1003(a), the court should dismiss the petition. *See In re Clignett*, 567 B.R. 583, 587 (Bankr. C.D. Cal. 2017) (abrogated on other grounds).

II.

As for the three trade creditors, Banner Resources contends that each claim of the trade creditors is not a direct claim and thus subject of a bona fide dispute. *See* § 303(b)(1). If so, they are ineligible to be petitioning creditors. The Fifth Circuit has stated that, when considering whether a claim is subject to a bona fide dispute, "the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute." *Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 221 (5th Cir. 1993). "Under this objective standard, the petitioning creditor has the burden to establish a prima facie case that no bona fide dispute exists, after which the debtor must present evidence sufficient to rebut the prima facie case." *In re Green Hills Dev. Co.*, 741 F.3d 651, 658 (5th Cir. 2014). "[N]either the debtor's subjective intent nor his subjective belief is sufficient to meet this burden." *In re Sims*, 994 F.2d at 221. While the court "may be required to conduct a limited analysis of the legal issues" and its

determination "will often depend . . . upon an assessment of witnesses' credibilities and other factual considerations," the court's aim is to "ascertain whether a dispute that is bona fide exists . . . not to actually resolve the dispute." *Id*.

As stated, the trade creditors did not participate in the trial. Banner Resources provided evidence that each trade creditor was a creditor of Banner Resources' wholly owned subsidiary, Banner Operating, LLC (Banner Operating). The evidence included service agreements between Banner Operating and each of the trade creditors and invoices issued to Banner Operating. Banner Resources' witness, Peter Partain, also testified that the debts owed to each were Banner Operating's debts, not Banner Resources'. Bonsai, on behalf of its co-petitioners, attempted to refute this point through a demand letter sent by Wildcat Services' counsel to Banner Resources. Bonsai's counsel also directed the Court to the definition of "Company Group" under the service agreements between the parties. The so-called Company Group under the service agreements includes Banner Resources as part of such "group." But its relevance to the obligations of the parties is unclear. For purposes of the involuntary petition, it does not defeat Banner Resources' claim (and evidence) that the claims of JDL Oilfield, Tri-Best, and Wildcat Services are each subject of a bona fide dispute.

III.

If filed in bad faith, the Code allows the Court to grant the alleged debtor judgment for damages. § 303(i)(2). "[B]ad faith is generally dependent upon a finding that the petitioner acted with wrongful motives and/or objectives." *Aigner v. McMillan*, No. 11-47029, 2013 WL 2445042, at *4 (Bankr. N.D. Tex. June 4, 2013). There is also "a presumption that the petitioning creditor[] acted in good faith in filing an involuntary petition" in this district. *In re Synergistic Techs., Inc.*, No. 07–31733, 2007 WL 2264700, at *6 (Bankr. N.D. Tex. Aug. 6,

2007).  It is unusual to find that a creditor filed an involuntary petition in bad faith.  And the Court will not do so here.

It is, therefore,

ORDERED that the involuntary petition of Bonsai Energy Partners, LLC, JDL Oilfield Tools Inc., Tri-Best Inc., and Wildcat Services LLC is dismissed.  All other requested relief of the petitioning creditors and of Banner Resources is denied.

### End of Memorandum Opinion and Order ###